**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| Abiah Israel,<br><br>                    Plaintiff,<br><br>         vs.<br><br>Jo Ann Bowditch and Beaufort-Jasper-Hampton Comprehensive Health Services, Inc.,<br><br>                    Defendants. | C/A No. 9:25-cv-05981-RMG<br><br>**(*State Court Action No. 2024-CP-27-00385*)** |

### NOTICE OF REMOVAL

Defendants Jo Ann Bowditch and Beaufort-Jasper-Hampton Comprehensive Health Services, Inc. hereby give notice that, pursuant to 28 U.S.C. §§ 1331, 1441, 1442, and 1446 and 42 U.S.C.A. § 233(l)(2), Defendant Beaufort-Jasper-Hampton Comprehensive Health Services, Inc. ("BJHCHS"), a corporation organized and existing under the laws of the United States of America, with the joinder and consent of the remaining defendant[1], hereby removes this action from the Court of Common Pleas for the Fourteenth Judicial Circuit (Case No. 2024-CP-27-00385) (the "State Court Action") to the United States District Court for the District of South Carolina, Beaufort Division. As grounds for removal, BJHCHS states as follows:

### INTRODUCTION AND PRIOR PROCEEDINGS IN STATE COURT

This action arises out of a motor vehicle accident between Plaintiff Abiah Israel ("Plaintiff") and Jo Ann Bowditch ("Bowditch"), an employee of BJHCHS, on April 2, 2024. At the time leading up to and during the motor vehicle accident, Defendant Jo Ann Bowditch drove

---

[1] Defendant Bowditch, as an employee of BJHCHS, is deemed a federal employee or an employee of the United States government pursuant to the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2671, *et seq*.

a commercial vehicle and acted on behalf of BJHCHS in her capacity as an employee and within her scope of employment.

Plaintiff filed this action on June 21, 2024, in the Court of Common Pleas for Jasper County, South Carolina. Copies of the Summons and the Complaint (collectively the "Pleadings") are attached hereto as **Exhibit A**.  Plaintiff's Complaint asserts four state law causes of action against Bowditch and BJHCHS: (1) Negligence *per se* as to Bowdich; (2) Negligence as to Bowdich; (3) Vicarious Liability as to BJHCHS; and (4) Negligent Hiring, Training, Supervision, and Retention as to BJHCHS.

Plaintiff purported to serve the Pleadings upon Defendant BJHCHS by handing them to former BJHCHS Chief Financial Officer ("CFO") Lonnie C. McIntee, an employee of BJHCHS. A copy of Plaintiff's Certificate of Service[2] is attached hereto as **Exhibit B**. It is questionable, at best, as to whether the Registered Agent for BJHCH was properly served. Furthermore, BJHCHS former CFO McIntee, has submitted a sworn affidavit stating that he was not served by the Plaintiff at any time. Regardless, such service is improper based on Rule 4(i) of the Federal Rules of Civil Procedure, and accordingly 28 U.S.C. § 1608 (b). The Rule states that to serve the United States, a party must deliver a copy of the summons and complaint to the United States attorney for the district in which the action is brought. This unquestionably never occurred in the State Court Action.

---

[2] The Plaintiff's affidavit of service does nothing to support proper service as it merely describes the lawsuit being dropped off with an African-American man, around the age of 60, between 180-200 pounds, who allegedly stated that he was Lonnie McIntee. To demonstrate the absurdity of this description, BJHCHS has many individuals employed that could have fit that description that have no authority to be served nor any apparent authority to be served. It is quite presumptive and improper for service to be deemed valid with such a description as it qualifies the misguided thought that the one African American male encountered at BJHCHS obviously was the registered agent CFO. Despite the baseless and unsupported affidavit, service remains improper even if McIntee had been served under the FTCA and the Rules of Civil Procedure.

Pursuant to 42 U.S.C. § 233(g), BJHCHS[3] is an entity deemed to be an employee of the Public Health Service, therefore any action against BJHCHS is treated as an action against the United States. *See Robles v. Beaufort Memorial Hospital*, 482 F.Supp. 2d 700, 703 (D.S.C. 2007). Accordingly, this case may only be properly heard by a Federal District Court as this case involves claims against BJHCHS an arm of the United States. As such, Plaintiffs failure to properly serve the United States Attorney for the Beaufort Division of the District of South Carolina constitutes improper service. As BJHSHC has never been properly served, the timeliness of this Notice of Removal is proper as the State Court Action only became removeable.

**ALL STATUTORY REQUIREMENTS FOR REMOVAL ARE MET**

**I.      This Court has original jurisdiction by virtue of BJHCHS, a federal employee, being made a party.**

This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States as set forth in 42 U.S.C. § 233. BJHCHS, as a federally qualified health center ("FQHC"), is deemed to be an employee of the United States of America. *See id.* ("A public or nonprofit private entity receiving federal funds pursuant to 42 U.S.C. § 254B shall be deemed to be an employee of the Public Health Service.")

Under 28 U.S.C. § 1442(a)(1), "[t]he United States or any agency thereof . . ." may remove a civil action from a state court "to the district court of the United States for the district and division embracing the place where it is pending . . . ."

Additionally, 28 U.S.C. § 1346(b)(1) provides in relevant part as follows:

> Subject to the provisions of chapter 171 of this title, the district courts . . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or

3

omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

In *Robles v. Beaufort Memorial Hosp.*, 482 F.Supp. 2d 700 (D.S.C. 2007), the U.S. District Court for South Carolina found that the defendant health center BJHCHS and its employees were United States government employees acting within the scope of their employment. In that case, because the health center employees "were employees of the federal government acting within the scope of their employment at the relevant times, th[e] court grant[ed] the [employees'] motion to substitute the United States as a party." Therefore, this Court has jurisdiction over this action.

As decided in *Robles*, employees of BJHSCHS are employees for the United States. As such, any action against it involves questions of federal law that must be decided by the Untied States District Court. The present action involves questions arising under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and accordingly shall not be heard by any South Carolina state court.

## II.     Supplemental Jurisdiction.

This Court has supplemental jurisdiction over Plaintiff's claims against all of the defendants pursuant to 28 U.S.C. § 1367(a) because they are so related to the claims over which this Court has jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution. The statutory exclusions for the exercise of supplemental jurisdiction contained in 28 U.S.C. §§ 1367(b) and (c) do not apply to this action. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367.

## III.     Removal is Timely.

Although the State Court Action was filed 11 months ago, BJHCHS was never properly served under Rule 4(j) of the Federal Rules of Civil Procedure, the Federal Tort Claims Act, or

otherwise. *See also* 28 U.S.C. § 1446(b)(3). On June 6, 2025, Counsel for BJHCHS was retained and filed its notice of appearance upon receiving notice of the pending State Court Action. At the earliest, as BJHCHS was never properly served, the 30-day period for filing this Notice of Removal did not begin until June 6, 2025 when Counsel was retained and the State Court Action became removeable. 28 U.S.C. § 1446(b)(3). At the latest, the 30-day period for filing this Notice of Removal *still has not begun* as BJHCHS *has still not been properly served* as an employee of the United States under Rule 4(j) of the Federal Rules of Civil Procedure. Accordingly, removal to this Court is proper, pursuant to 28 U.S.C. §§ 1441(a), 1442, and 1446(a).  BJHCHS files this Notice of Removal in the United States District Court for the District of South Carolina, Beaufort Division, which is the district court of the United States for the district and division embracing the state court where the state court action is pending.

## IV.    BJHCHS has met all other procedural requirements[4].

Appended hereto as **Exhibit C** are the Pleadings, which are copies of all process, pleadings, and orders received by BJHCHS from the state court action, pursuant to 28 U.S.C. § 1446(a). Appended hereto as **Exhibit D** is a copy of the Notice of Filing of Notice of Removal, which, along with a copy of this Notice of Removal, will be promptly filed with the Clerk of the Court of Common Pleas for Beaufort County, South Carolina and served upon all adverse parties, pursuant to 28 U.S.C. § 1446(d). While BHJCHS may unilaterally remove this case, the remaining defendant's consent to the removal as evidenced by the Joinder and Consent to Removal filed with this Notice of Removal.

Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1441, 1442 and 1446 and 12 U.S.C. § 1452(f).

---

[4] Contrarily, Plaintiff has not met all procedural requirements or exhausted the required administrative claim process to file a claim against the United States of America. *See* 28 U.S.C. § 2672.

5

**WHEREFORE,** this action should proceed in the United States District Court for the District of South Carolina, as an action properly removed thereto.

> **HAYNSWORTH SINKLER BOYD, P.A.**
>
> By: s/ *Joseph D. Dickey, Jr.*
> Joseph D. Dickey, Jr.
> (Fed. ID No. 11311)
> Sarah A. Hodges
> (Fed. ID No. 14234)
> 1201 Main Street, 22nd Floor
> Post Office Box 11889 (29211-1889)
> Columbia, South Carolina 29201
> Tel: (803) 779.3080
> Email: jdickey@hsblawfirm.com
>         shodges@hsblawfirm.com
>
> and
>
> **CLARKSON, WALSH, & COULTER, P.A.,**
>
> *s/ Jeffrey Crudup*
> Jeffrey M. Crudup, Esq.
> 497 St. Andrews Boulevard
> Charleston, SC 29407
> T: 843.981.5180
> E: jcrudup@clarksonwalsh.com
>
> ***Counsel for Defendants***

June 19, 2025
Columbia, South Carolina