**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| Abiah Israel,<br><br>                     Plaintiff,<br><br>vs.<br><br>Jo Ann Bowditch and Beaufort-Jasper-Hampton Comprehensive Health Services, Inc.,<br><br>                     Defendants. | C/A No. 9:25-cv-005981-RMG<br><br>**AMENDED ANSWER**<br>**FOR DEFENDANTS** |

Defendants Jo Ann Bowditch and Beaufort-Jasper-Hampton Comprehensive Health Services, Inc (collectively referred to as "Defendants"), by and through their undersigned attorneys, hereby files its Answer to Plaintiff's Complaint, as follows:

**FOR A FIRST DEFENSE**

Except as specifically admitted herein, each and every allegation of the Complaint is expressly denied, including Plaintiff's Prayer for Relief.

**PARTIES, VENUE, AND JURISDICTION**

1.    Defendants are without sufficient information as to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies them.

2.    Defendants deny the allegations contained in Paragraph 2.

3.    Defendants admit the allegations contained in Paragraph 3.

4.    Defendants admit the allegations contained in Paragraph 4.

5.    Defendants admit the allegations contained in Paragraph 5.

6.    In answering the allegations contained in Paragraph 6, Defendants deny that the South Carolina Court of Common Pleas for the County of Jasper is the proper venue for this case.

Further answering the allegations contained in Paragraph 6, venue of this case is only proper in the Federal District Court of South Carolina, Beaufort Division, the appropriate South Carolina District Court Division encompassing Jasper County, South Carolina, as this case arises under 28 U.S.C. § 1331 and 42 U.S.C. § 233.

7. In answering the allegations contained in Paragraph 7, Defendants deny that the South Carolina Court of Common Pleas for the County of Jasper has personal jurisdiction over Defendants or subject matter jurisdiction over the issues involved in this case. Further answering the allegations contained in Paragraph 7, jurisdiction of this case is only proper in the Federal District Court of South Carolina, Beaufort Division, as this case arises under 28 U.S.C. § 1331 and 42 U.S.C. § 233.

## GENERAL FACTUAL ALLEGATIONS

8. Defendants admit the allegations contained in Paragraph 8.

9. Defendants admit the allegations contained in Paragraph 9.

10. Answering the allegations contained in Paragraph 10, Defendants admit only that the subject vehicle driven by Defendant Bowditch collided with Plaintiff's vehicle. Defendants deny the remaining allegations contained in Paragraph 10.

11. Defendants are without sufficient information as to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies them.

12. Defendants are without sufficient information as to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies them.

## FOR A FIRST CAUSE OF ACTION
(Negligence *per se* as to Defendant Bowditch)

13. Defendants incorporate its responses to all prior allegations by reference as if fully set forth herein verbatim.

14. The allegations contained in Paragraph 14 assert legal conclusions to which no response is required. To the extent any response is required from Defendants, Defendants deny the allegations contained in Paragraph 14.

15. Defendants deny the allegations contained in Paragraph 15.

16. Defendants deny the allegations contained in Paragraph 16.

17. Defendants deny the allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18, including subparts (a) – (e).

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20.

**FOR A SECOND CAUSE OF ACTION**
(Negligence as to Defendant Bowditch)

21. Defendants incorporate its responses to all prior allegations by reference as if fully set forth herein verbatim.

22. The allegations contained in Paragraph 22 assert legal conclusions to which no response is required. To the extent any response is required from Defendants, Defendants deny the allegations contained in Paragraph 22 including subparts (a) – (g).

23. Defendants deny the allegations contained in Paragraph 23 including subparts (a) – (h).

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25 including subparts (a) – (f).

26. Defendants deny the allegations contained in Paragraph 26.

27. Defendants deny the allegations contained in Paragraph 27.

## FOR A THIRD CAUSE OF ACTION
(Vicarious Liability as to Defendant Health Services)

31. Defendants incorporate its responses to all prior allegations by reference as if fully set forth herein verbatim. Defendants note that the Complaint does not contain Paragraph numbers 28, 29, or 30.

32. Defendants admit the allegations contained in Paragraph 32.

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

## FOR A FOURTH CAUSE OF ACTION
(Negligent Hiring, Training, Supervision, and Retention as to Defendant Health Services)

35. Defendants incorporate its responses to all prior allegations by reference as if fully set forth herein verbatim.

36. Defendants deny the allegations contained in Paragraph 36 including subparts (a) – (f).

37. Defendants deny the allegations contained in Paragraph 37.

38. Defendants deny the allegations contained in Paragraph 38.

## REQUESTS FOR ADMISSION

Defendants hereby deny all Requests for Admission served on Defendants pursuant to Rule 36 of the South Carolina Rules of Civil Procedure which are inconsistent with Defendants' Answer.

## FOR A SECOND AFFIRMATIVE DEFENSE

39. Plaintiff's Complaint fails to state grounds upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## FOR A THIRD AFFIRMATIVE DEFENSE

40. Plaintiff has failed to properly serve Defendants.

**FOR A FOURTH AFFIRMATIVE DEFENSE**

41. To the extent the evidence shows, Defendants exercised that degree of skill and care required of them by law at all times relevant to the matters complained of in the Complaint.

**FOR A FIFTH AFFIRMATIVE DEFENSE**

42. The sudden emergency doctrine precludes the Plaintiff's claims because Defendants made every reasonable effort under the circumstances to avoid the accident, which took place under emergent conditions.

**FOR A SIXTH AFFIRMATIVE DEFENSE**

43. To the extent the evidence shows, the accident occurred due to an unforeseeable act of God.

**FOR A SEVENTH AFFIRMATIVE DEFENSE**

44. The claims for punitive damages are barred as a matter of law under the facts of this matter, and under the Fifth, Eight, and Fourteenth Amendments of the United States Constitution and similar provisions of the South Carolina Constitution.

**FOR AN EIGHTH AFFIRMATIVE DEFENSE**

45. To the extent Plaintiff alleges punitive damages, which Defendants specifically deny are applicable, Defendants show any award of punitive damages is subject to the Federal Tort Claims Act 28 U.S.C. § 1346, *et seq.*

**FOR A NINTH AFFIRMATIVE DEFENSE**

46. To the extent the evidence shows, no causal connection exists between any alleged act or omission of Defendants and the damages Plaintiff alleges.

**FOR A TENTH AFFIRMATIVE DEFENSE**

47. To the extent the evidence shows, Plaintiff has failed to take action to reasonably avoid or reduce the alleged damages and injuries, and is therefore not entitled to recover said damages that should have been avoided or reduced.

**FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

48. To the extent the evidence shows, any injuries suffered by Plaintiff were caused by parties other than Defendants, including, but not limited to, Plaintiff.

**FOR AN TWELFTH AFFIRMATIVE DEFENSE**

49. Defendants reserve any additional and further defenses as may be revealed by additional information obtained during the course of discovery and investigation and as are consistent with the Federal Rules of Civil Procedure.

**FOR AN THIRTEENTH AFFIRMATIVE DEFENSE**

50. To the extent Plaintiff claims damages arising from the alleged tortious conduct, such claims are barred, in whole or in part, because Defendants have already provided payment or compensation to Plaintiff sufficient to satisfy any legal obligations stemming from the alleged conduct. Any injury or damage sustained by Plaintiff has been fully satisfied and extinguished through such payment, and Plaintiff is therefore not entitled to any further relief.

**FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

51. In the event of Defendants' liability to Plaintiff, Defendants assert that it is entitled to a credit in the form of a set-off for amounts owed by Plaintiff to Defendants.

**FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

52. Defendants assert all available and affirmative defenses under the FTCA, and all applicable federal law and South Carolina law, including, but not limited to, comparative negligence, comparative causation, sovereign immunity, the discretionary function exception to

the FTCA (28 U.S.C. § 2680), the jurisdictional defenses available under the FTCA, failure to exhaust administrative remedies as required by the FTCA, all defenses which can be asserted under 28 U.S.C. § 2680, and all other affirmative defenses listed in Fed.R.Civ.P. 8(c).

**FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

53. Defendants are entitled to a proportionate reduction in any recovery, if any, for the plaintiff for the injuries and damages alleged in the amended complaint for the payment of any federal benefits, damages which could have been mitigated, collateral sources as permitted under South Carolina law and federal law.

**FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

54. Plaintiff's recovery, if any, against Defendants is limited by the amount specified in the administrative claim submitted to the United States and the sovereign immunity of the United States.

**FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

55. The plaintiff's claims are barred because the plaintiff failed to exhaust her administrative remedies under the Federal Tort Claims Act (FTCA), 28 U.S.C. 1346(b), 2401(b), and 2671 *et seq*.

**FOR A NINETEENTH AFFIRMATIVE DEFENSE**

56. Any claims by the plaintiff for prejudgment interest and attorney fees against Defendants are barred by the sovereign immunity of the United States, 28 U.S.C. § 2674, and other applicable federal law, and, therefore, any claims asserted by the plaintiff for prejudgment interest and attorney's fees asserted against Defendants in the Complaint or otherwise should be dismissed.

**FOR A TWENTIETH AFFIRMATIVE DEFENSE**

57.     The United States is entitled to an offset from the damages awarded in any verdict or judgment rendered in favor of the plaintiff, if any, for any medical or other expenses paid by or through any benefits or other programs funded in whole or in part by the United States and for any other benefits provided to plaintiff by any federal or state benefit program as a matter of federal law or state law. The United States is also entitled to any offsets permitted by S.C. Code §§ 33-56-180A and 15-78-10 *et seq* and any other applicable federal and/or state law from any damages awarded in any verdict or judgment rendered in favor of the plaintiff, if any.

**FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

58.     Defendants cannot be held vicariously or otherwise liable for the criminal conduct of any of its employees because such conduct is beyond the scope of employment of such employees and is not recoverable under the FTCA or any other federal and/or state law and is barred by the sovereign immunity of the United States. Any claims based on such conduct should be dismissed.

**FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

59.     Defendants assert the defense of failure to join a necessary party.

**FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

60.     The Plaintiff's claims may be barred, in whole or in part, because they fail to adequately identify and name the appropriate defendants.

**FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

61.     The Plaintiff's claims are barred pursuant to governing law, including the Federal Tort Claims Act, which protects a federal employee, or, in this instance, a deemed entity, from alleged claims.

## **FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

62. The Defendants hereby give notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserve the right to amend its Answer to assert any such defenses.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants deny that Plaintiff is entitled to any of the relief requested and respectfully prays for the dismissal of Plaintiff's Complaint with prejudice and for such other and further relief as this Court may deem just and proper.

[*signature page to follow*]

**HAYNSWORTH SINKLER BOYD, P.A.**

By: s/ *Joseph D. Dickey, Jr.*
 Joseph D. Dickey, Jr.
 (Fed. ID No. 11311)
 Sarah A. Hodges
 (Fed. ID No. 14234)
 1201 Main Street, 22nd Floor
 Post Office Box 11889 (29211-1889)
 Columbia, South Carolina 29201
 Tel: (803) 779.3080
 Email: jdickey@hsblawfirm.com
  shodges@hsblawfirm.com

and

**CLARKSON, WALSH, & COULTER, P.A.,**

*s/ Jeffrey Crudup*
Jeffrey M. Crudup, Esq.
497 St. Andrews Boulevard
Charleston, SC 29407
T: 843.981.5180
E: jcrudup@clarksonwalsh.com
***Counsel for Defendants***

July 1, 2025
Columbia, South Carolina